USDC SCAN INDEX SHEET

















```
BJR    3/3/00    11:54
3:00-CV-00432   LOZANO V. TUTTLE
*1*
*CMP.*
```



CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
LATHE S. GILL, ESQ., SBN 206216
2535 Kettner Blvd., SUITE 2A5
San Diego, CA 92101-1253
(619) 232-4982
Fax (619) 234-1183

Attorney for Plaintiff, ENRIQUE LOZANO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ENRIQUE LOZANO,

    Plaintiff,

v.

JAMES F. TUTTLE, an individual;
ALBERTA S. TUTTLE, an individual;
THEODORE BAUER, an individual;
and DOES 1 through 10, inclusive

    Defendants

Case No.: '00 CV 0432 K (RBB)

**Civil Rights**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF**: AMERICANS WITH DISABILITIES ACT OF 1990; UNRUH CIVIL RIGHTS ACT; CALIFORNIA'S DISABLED PERSON ACT; COMMON LAW UNFAIR COMPETITION; NEGLIGENCE; NEGLIGENCE PER SE; CALIFORNIA'S UNFAIR BUSINESS PRACTICE ACT; DECLARATORY RELIEF;

**DEMAND FOR JURY**

Plaintiff ENRIQUE LOZANO complains of JAMES F. TUTTLE, ALBERTA S. TUTTLE, THEODORE BAUER and DOES 1 through 10, inclusive, and alleges as follows:

**INTRODUCTION:**

1. This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for failure to remove architectural barriers structural in nature at Defendants' Tuttle Insurance located at 444 South 4th Street, El Centro, California 92243-3009, a place of



-1-

public accommodation, thereby discriminatorily denying Plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

2. Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff ENRIQUE LOZANO is a California resident with physical disabilities who uses a wheelchair to travel about in public.

6. Defendants JAMES F. TUTTLE, ALBERTA S. TUTTLE, THEODORE BAUER and DOES 1 through 10, inclusive (hereinafter alternatively referred to collectively as "Defendants"), are the owners and operators, lessors and/or lessees, or agents of the owners, lessors

and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the above described insurance office, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities.

**7.** Plaintiff ENRIQUE LOZANO does not know the true names of Defendants JAMES F. TUTTLE, ALBERTA S. TUTTLE, THEODORE BAUER and DOES 1 through 10, inclusive, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff ENRIQUE LOZANO will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants JAMES F. TUTTLE, ALBERTA S. TUTTLE, THEODORE BAUER and DOES 1 through 10, inclusive, are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

**8.** Defendants are the owners and operators of the public insurance office, located at 444 South 4th Street, El Centro, California 92243-3009. The insurance office, its parking, and its other facilities are each a "public accommodation or facility" subject to the requirements of state and federal law. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has

-3-

1  subjected the public accommodations, and each of their facilities to
2  handicapped access requirements per the Americans with Disabilities
3  Act Access Guidelines (ADAAG) and Title 24 of California's Code of
4  Regulations.

5     **9.** On at least one occasion in within the statutory period
6  preceding the filing of this Complaint, Plaintiff ENRIQUE LOZANO was
7  an invitee and customer at the subject insurance office.

8     **10.** When Plaintiff visited the subject insurance office, there
9  was no designated disabled accessible parking.

10     **11.** When Plaintiff visited the subject insurance office,
11  public paths of travel were inaccessible.

12     **12.** On information and belief, other public facilities were
13  improperly inaccessible for use by persons with physical
14  disabilities.

15     **13.** On information and belief, the facilities continue to the
16  date of filing this complaint to deny equal access to Plaintiff and
17  other persons with physical disabilities.

18     **14.** As a result of the inaccessible facilities, Plaintiff
19  ENRIQUE LOZANO was humiliated, embarrassed and frustrated, suffering
20  emotional injuries. Moreover, as a result of the inaccessible
21  facilities, Plaintiff ENRIQUE LOZANO suffered bodily and physical
22  injury.

23     **15.** Plaintiff would like to return and use the Defendants'
24  public accommodations but because of Defendants' violations,
25  Plaintiff and other persons with physical disabilities are unable to
26  use public facilities such as those owned and operated by Defendants
27  on a "full and equal" basis unless such facility is in compliance
28  with the provisions of the Americans with Disabilities Act and other

accessibility law as pled herein. Plaintiff has, therefore, been deterred from returning and using the Defendants' public accommodations.

**I.  FIRST CAUSE OF ACTION**: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

**16.** As persons who own and operate a place of public accommodation, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the ADAAG; and (2) remove all existing barriers where such removal is "readily achievable." As alleged above, there are architectural barriers existing on the Defendants' facilities, which barriers are in violation of the Americans with Disabilities Act Accessibility Guidelines, are readily achievably removed, and are unlawful. The Defendants have failed to comply with the ADA and, therefore, discriminated against the Plaintiff.

**17.** Further, if it were not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods that were readily achievable.

**18.** Plaintiff would like to return and use the Defendants' facilities but Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendants' policies bar full and equal use by persons with physical disabilities.

**19.** Wherefore, Plaintiff prays for relief as hereinafter stated.

///

**II. SECOND CAUSE OF ACTION**: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et seq.)

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**Count One:**

21. The Defendants have not ensured that their facilities comply with Title 24 of the California Code of Regulations, the California Building Code as it applies to physical access for persons with disabilities and failed to ensure that disabled persons have "full and equal accommodations, advantages, facilities, privileges, or services" to the facilities identified above.

**Count Two:**

22. The Defendants have not complied with the Americans with Disabilities Act of 1990.

**III. THIRD CAUSE OF ACTION**: VIOLATION OF CALIFORNIA'S DISABLED PERSONS ACT, (On Behalf of Plaintiff and Against All Defendants) (California Civil Code § 54 et seq.)

23. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint and incorporates them herein as if separately repled.

**Count One:**

24. The Defendants have not ensured that their facilities comply with Title 24 of the California Code of Regulations, the California Building Code as it applies to physical access for persons with disabilities and have failed to ensure that disabled persons have full and equal access to public accommodations and/or other places that the general public is invited and that disabled

-6-

persons enjoy the same accommodations, advantages, facilities and privileges to the facilities identified above.

**Count Two:**

    **25.** The Defendants have not complied with the Americans with Disabilities Act of 1990.

    **26.** Wherefore, Plaintiff prays for relief and damages as hereinafter stated.

**IV.   FOURTH CAUSE OF ACTION:** VIOLATION OF COMMON LAW UNFAIR COMPETITION (On Behalf of Plaintiff and Against All Defendants)

    **27.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

    **28.** Defendants advertise to the public by various means, including but not limited to, their on-site signage that the facilities are open to and accessible by the general public. No signage is posted indicating that the facilities are restricted only to fully-ambulatory persons or that persons with disabilities are not welcome or will have problems with physical accessibility.

    **29.** Persons with disabilities are invited just as the general public but the invitation, as delivered by the Defendants' advertising, is deceptive, defective, and damaging. Persons with disabilities attempt to access the Defendants' facilities at their own peril.

    **30.** Plaintiff has been damaged by the Defendants' advertising activities.

    **31.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

///

**V.   FIFTH CAUSE OF ACTION**: NEGLIGENCE
(On behalf of Plaintiff and Against All Defendants)

**32.**   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**33.**   Defendants had a duty to exercise ordinary care.

**34.**   Defendants failed to exercise ordinary care.

**35.**   As the actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiff suffered damages in an amount to be determined by proof.

**36.**   Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**VI.   SIXTH CAUSE OF ACTION**: NEGLIGENCE PER SE
(On behalf of Plaintiff and Against All Defendants)

**37.**   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**38.**   At all times relevant hereto, there was in effect the Americans with Disabilities Act; the Unruh Civil Rights Act; California's Disabled Person Act; Title 24 of the California Code of Regulations, and California Health and Safety Code, sections 19955 et seq.; all of which require that public accommodations and facilities provide services to people with physical disabilities which are equal to, and are not inferior to, the services provided patrons who are not physically disabled.

**39.**   Plaintiff is a member of class that these statutes are designed to protect.

///

-8-

**40.** Defendants' acts and omissions alleged herein are a violation of statutory requirements and, therefore, constitute negligence per se.

**41.** As a result of the actions taken by Defendants, the Plaintiff has suffered the harm that these statutes are designed to prevent.

**42.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**VII. SEVENTH CAUSE OF ACTION**: VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT (On behalf of the Public and Against All Defendants) (Cal. Bus. & Prof. § 17200 et seq.)

**43.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**44.** In addition to the access violations described above, Defendants' facilities are in violation of California and Federal law in that they do not provide required access for disabled persons.

**45.** Defendants' acts and omissions alleged herein are a violation of both statutory requirements and public policy and, therefore, constitute a violation of Business and Professions Code sections 17200 et seq.

**46.** Plaintiff, on behalf of himself and the general public, seeks injunctive relief requiring Defendants to remedy the disability access violations present at their facilities. Ancillary to this injunctive relief, Plaintiff also requests restitution for any amounts received by the Defendants from additional business they received as a result of not complying with the disability access laws.

**47.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**VIII. EIGHTH CAUSE OF ACTION:** DECLARATORY RELIEF

**48.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**49.** A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**50.** Plaintiff contends that the facilities identified above fail to comply with applicable laws prohibiting discrimination against persons with disabilities and is in violation of statutes including, but not limited to, the Americans with Disabilities Act of 1990, the Unruh Civil Rights Act, and California's Disabled Person Act.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act of 1990, the Unruh Civil Rights Act, and California's Disabled Person Act, which order will include the removal of barriers and the implementation of reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

**2.** A declaration that the facilities are designed and operated in a manner that discriminates against persons with physical disabilities and that fails to provide full and equal access for

-10-

1 | persons with disabilities as required by law;

2 |     **3.** General and Special damages in an amount to be determined by
3 | proof;

4 |     **4.** Restitution;

5 |     **5.** Reasonable attorneys' fees, litigation expenses and costs of
6 | suit;

7 |     **6.** For such other and further relief as the court may deem
8 | proper.

10 | Dated: February 25, 2000    CENTER FOR DISABILITY ACCESS, LLP

12 | By: _____
     MARK D. POTTER
13 | RUSSELL C. HANDY
     LATHE S. GILL
14 | Attorneys for Plaintiff

16 | **<u>DEMAND FOR JURY TRIAL</u>**

17 |     Plaintiff hereby demands a jury for all claims for which a jury
18 | is permitted.

20 | Dated: February 25, 2000    CENTER FOR DISABILITY ACCESS, LLP

22 | By: _____
     MARK D. POTTER
23 | RUSSELL C. HANDY
     LATHE S. GILL
24 | Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ENRIQUE LOZANO

**DEFENDANTS**
JAMES F. TUTTLE, et al

'00 CV 043_ K (RBB)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Imperial
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MARK D. POTTER (Bar # 166317) (619) 232-4982
CENTER FOR DISABILITY ACCESS
2535 Kettner Blvd., Suite 2A5
San Diego, California 92101

ATTORNEYS (IF KNOWN)

**I. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | ☐ 450 Commerce/ICC/Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title III of Americans With Disabilitieis Act. 42 U.S.C.A. Section 12101, et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2-28-00

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 57818    AMOUNT $150    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____